1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BARBARA RUTH CRAM,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀)⠀⠀⠀Case No.  2:16-cv-02870-JAD-CWH
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀**REPORT & RECOMMENDATION**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
US INTERIOR,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

⠀⠀⠀⠀⠀Presently before the court is pro se Plaintiff Barbara Ruth Cram's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on December 9, 2016.

⠀⠀⠀⠀⠀Also before the court is Plaintiff's Motion to Correct Complaint (ECF No. 3), filed on January 5, 2017.

⠀⠀⠀⠀⠀Also before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 4), filed on February 13, 2017.

⠀⠀⠀⠀⠀Also before the court is Plaintiff's Motion for Additional Support (ECF No. 5), filed on March 29, 2017.

⠀⠀⠀⠀⠀Also before the court is Plaintiff's Motion for Additional Support (ECF No. 6), filed on March 29, 2017.

⠀⠀⠀⠀⠀Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

⠀⠀⠀⠀⠀Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly

baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff's complaint alleges that her newborn baby was murdered. (Compl. (ECF

No. 1-2 at 1).) Plaintiff alleges that her baby was beheaded and stomped by "subject one," that she

was raped by "subject two," and that she was gutted by "subject three." (*Id.* at 1-3.) Plaintiff

further alleges that "subject four" and "subject five" participated in these events. According to

Plaintiff, two of these individuals, subjects three and four, are "are ventriloquists and sound like

each other and have white hair." (*Id.* at 3-4.) Plaintiff alleges that she was stabbed and beheaded

and that she "died gutted and was raised," which the court understands to be an allegation that she

was resurrected. (*Id.* at 4-5.) Plaintiff contends that these individuals work in corrections and that

they are members of a roving gang. (*Id.* at 5-11.) In explaining the delay in bringing her claim, she

states "I was raped at my home 1200 times and kidnapped daily during the time I was bringing this

case. I have sleep disorder and bipolar disorder that interfered. I was shot over 100 times in the

head while trying to bring this case." (*Id.* at 15.) Plaintiff requests $5,000,000 in damages related

to these events. (*Id.* at 18-19.)

Even liberally construing Plaintiff's complaint, the court finds that Plaintiff's factual

allegations describe fantastic and delusional scenarios and do not state a claim upon which relief

can be granted. Given that Plaintiff's complaint does not set forth a plausible claim, it is

recommended that the complaint be dismissed with prejudice because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

Accordingly,

IT IS ORDERED that Plaintiff Barbara Ruth Cram's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS RECOMMENDED that Plaintiff Barbara Ruth Cram's Complaint (ECF No. 1-2) be DISMISSED WITH PREJUDICE as delusional and frivolous.

IT IS FURTHER RECOMMENDED that all pending motions (ECF Nos. 3, 4, 5, and 6) in the case be DENIED as moot.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 4, 2017

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**