# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Ruth Cram, | Case No.: 2:16-cv-02870-JAD-CWH |
| Plaintiff | **Order Adopting Report and Recommendation Dismissing Case with Prejudice, and Denying Remaining Motions as Moot** |
| v. | |
| U.S. Interior, | |
| Defendant | **[ECF Nos. 3-8, 11]** |

Pro se plaintiff Barbara Ruth Cram sues the "U.S. Interior."[1]  Cram alleges that she and her newborn baby were both stabbed, beheaded, and murdered by "subject[s]" she describes as "ventriloquists [that] sound like each other and have white hair," who "work in corrections," and are "members of a roving gang."[2]  Cram explains that she was delayed in bringing her complaint because she "was raped at [her] home 1200 times, [was] kidnapped daily . . . [and] was shot over 100 times in the head while trying to bring this case."[3]  Cram requests $5,000,000 in damages.[4]

Magistrate Judge Bill Hoffman granted Cram's application to proceed *in forma pauperis*, but recommends that Cram's complaint be dismissed with prejudice and that all pending motions in the case be denied as moot because Cram's allegations "describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted."[5]  In so recommending, Magistrate Judge

---

[1] ECF No. 1-2 at 1–19.

[2] *Id.* at 1–3, 5–11.

[3] *Id.* at 15.

[4] *Id.* at 18–19.

[5] ECF No. 7 (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts)).

Hoffman references the above-cited factual allegations from Cram's complaint, along with other allegations made by Cram in the disjointed 19-page affidavit she attached to her complaint.[6]  Cram timely objects.[7]

In her objection, Cram raises additional incoherent allegations of "guarding judges," "Janet Reno's home," "the Secretary of State," "the U.S. President[,] and more than one senator that became president."[8]  Cram also cites previous work she allegedly performed as "a secret service agent," as well as accomplishments that she has allegedly achieved, such as passing a "review by the Senate Intelligence Committee for [her] work performance."[9]  Cram then states, "I assure you I do not want to be delusional or frivolous in court," before describing throughout the remainder of her 37-page objection another gruesome tableau of "baby massacre[s]," disembowelments, repeated murders of herself and babies, graphic sexual and physical assaults on her and babies, being "beheaded 10 times," and dying 10 times before being resurrected.

Only two brief portions of Cram's objection even purport to challenge Magistrate Judge Hoffman's Report and Recommendation.  First, at page 17, Cram disputes the magistrate judge's quote from her complaint that she was raped "1200 times."[10]  Cram asserts that instead, she "ha[s] been raped about 1500 times[,] . . . was knifed hundreds of times during [the] rape[s,] and died sometimes to be raised[,] . . . [only] to be later dropped on the freeway in the travel lanes to die under cars."[11]  Second, Cram asserts that she is "requesting 40 million dollars for everything and still know[s] what these things are worth.  My 5 million was so low that it could be settled by you easily

---

[6] *See id.* at 2.

[7] ECF No. 10.

[8] *Id.* at 1–3.

[9] *Id.*

[10] *Id.* at 17.

[11] *Id.*

and you could let me know what you think if it wasn't enough."[12]  Cram supports her increased

demand for money damages by asserting for the first time that "[t]here is also the death of

approximately 1,000 infants in association with the violent crime [she] described."[13]

"'A judge of the court shall make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is

made.'"[14]  "The statute makes it clear that the district judge must review the magistrate judge's

findings and recommendations *de novo* if objection is made, but not otherwise."[15]  "A judge of the

court may accept, reject, or modify, in whole or in part, the findings and recommendations made by

the magistrate judge."[16]

Upon granting a request to proceed *in forma pauperis*, the court must screen the complaint

under 28 U.S.C. § 1915(e)(2).  In screening the complaint, the court must identify cognizable claims

and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted,

or seek monetary relief from a defendant who is immune from such relief.[17]  A complaint is frivolous

if it contains "claims whose factual contentions are clearly baseless," such as "claims describing

fantastic or delusional scenarios."[18]

Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2) incorporates the standard

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[19]  To survive § 1915

review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim for

---

[12] *Id.* at 19.

[13] *Id.* at 19–20.

[14] *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(c)).

[15] *Id.*

[16] 28 U.S.C. § 636(b)(1)(c).

[17] 28 U.S.C. § 1915(e)(2).

[18] *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

[19] *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

3

relief that is plausible on its face."[20]  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."[21]

Here, Magistrate Judge Hoffman recommends dismissal of this case with prejudice and denying all remaining motions as moot because Cram's complaint alleges only delusional and frivolous allegations and fails to state a claim for relief that is plausible on its face.  I agree.  Cram's complaint lacks any plausible factual allegations and is replete with delusional and frivolous claims.  Having reviewed *de novo* those portions of the Report and Recommendation that Cram objects to, I find no error.  Cram's only objections to the Report and Recommendation purport to: (1) correct implausible facts from her complaint; and (2) seek my advice on whether a $40 million demand for money damages is more appropriate than her original $5 million demand.  I am not persuaded by Cram's objections because they are delusional, frivolous, and purport to seek my advice on a legal matter, which I cannot give.  Thus, the only reasons provided by Cram for objecting to Magistrate Judge Hoffman's Report and Recommendation fail.

Accordingly, and with good cause appearing,

It is hereby ORDERED that Magistrate Judge Hoffman's Report and Recommendation **[ECF No. 7]** is **ACCEPTED and ADOPTED**.  It is further ORDERED, ADJUDGED, AND DECREED that Cram's Complaint is **DISMISSED with prejudice** and all pending motions **[ECF Nos. 3, 4, 5, 6, 8, 11]** are **DENIED** as moot.  The Clerk of Court is directed to **CLOSE THIS CASE**.

DATED April 24, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[20] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[21] *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

4